FILED
 2010 Oct-04  PM 03:59
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROMAN BERNARDO COOK,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | CV 09-J-2263-S |
| ] | |
| **MICHAEL J. ASTRUE,** ] | |
| **Commissioner of the Social** ] | |
| **Security Administration**, ] | |
| ] | |
| Defendant. | |

## MEMORANDUM OPINION

This matter is before the court on the record and briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

The plaintiff filed an application for Supplemental Security Income on August 30, 2006 (R. 108-113, 124-129) (protective filing date), alleging an inability to work due to high blood pressure, diabetes, blurry vision and dizzy spells (R. 125). The application was denied initially (R. 55-64) and again by an Administrative Law Judge on March 6, 2009 (R. 8-17). The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 1-7).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). The court has carefully reviewed the entire record in this case and is of the opinion that the

Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The evidence before the court reveals that the plaintiff does suffer from issues with controlling high blood pressure and diabetes, but no physician, treating or otherwise has stated the plaintiff is completely unable to work.  No medical record supports plaintiff's allegation that his hands "stay numb" or that he experiences ongoing pain (R. 34).  In fact, the plaintiff's medical records reflect that he has reported a pain level of zero to his treating physician on multiple occasions (R. 210, 247, 252, 254, 264).  On one occasion in October 2008, the plaintiff reported to an emergency room that he had diabetic pain in his hands and feet and a diagnosis of diabetic neuropathy was made  (R. 257-258).  However, his medical records from January 2009 then reflect the plaintiff reported a pain level of zero again (R. 262).

In evaluating the evidence, the ALJ noted that neither the medical records nor plaintiff's self-reported activities support plaintiff's alleged limitations, but still gave the plaintiff "every benefit of the doubt in establishing his residual functional capacity" (R. 15). However, even with the limitations of occasional lifting and carrying 10 pounds, frequently lifting and carrying less than 10 pounds, standing and/or walking for six hours in an eight hour day, sitting for six hours in an eight hour day, occasional push and pull operations, frequently climbing stairs and ramps but limited from ladders, ropes, and scaffolding, and frequently balance, stoop, crouch, crawl and kneel, the vocational expert testified there would still be many sedentary positions available (R. 50-53).  The ALJ made clear his description of "less than sedentary work" was meant to reflect solely a limitation against lifting and carrying more than 10 pounds occasionally (R. 51-52).

Given the evidence presented to the ALJ and this court, the court cannot conclude the decision of the ALJ was against the weight of the evidence. Accordingly, the decision of the Commissioner must be affirmed.

Done, this 4th day of October, 2010.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE